**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4335

MARION W. CHILDERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-95-13)

Submitted: November 21, 1996

Decided: December 9, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Pool, Clarksburg, West Virginia, for Appellant. William D.
Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marion W. Childers pled guilty to conspiring to possess methamphetamine with intent to distribute, 21 U.S.C.A.§ 846 (West Supp. 1996), and to possessing a firearm while a convicted felon, 18 U.S.C.A. § 922(g)(1) (West Supp. 1996). He appeals his 108-month sentence, alleging that the district court erred in enhancing his sentence for possession of a firearm. United States Sentencing Commission, Guidelines Manual § 2D1.1(b)(1) (Nov. 1995). We affirm.

When a search warrant was executed at Childers' residence, authorities seized a loaded pistol, a loaded rifle, and $18,000 in cash. In his plea agreement, Childers stipulated that an enhancement under USSG § 2D1.1(b)(1) would be appropriate. The district court made the two-level enhancement, which is called for if a firearm was possessed by a defendant convicted of a drug offense unless it is clearly improbable that the weapon was connected with the offense. USSG § 2D1.1, comment. (n.3); see also United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992) (government required to prove only possession during commission of offense). While Childers' attorney attempted to persuade the court that the rifle was purely for sporting purposes, for which the guideline makes an exception, Childers made no showing which would have permitted the district court to find that the pistol was unconnected with the offense. Moreover, the court correctly decided that the Supreme Court's recent decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448/7492), does not preclude a sentence enhancement for possession of a firearm even when there is no evidence that the defendant actively employed it. See United States v. Hawthorne, 94 F.3d 118, 122 (4th Cir. 1996).

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED