**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JOSEPH JOHNSON,

No. 96-4273

Defendant-Appellant.

THE OFFICE OF THE FEDERAL PUBLIC
DEFENDER, for the District of
Maryland,
Amicus Curiae.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-93-19)

Submitted: March 31, 1997

Decided: May 27, 1997

Before WILKINS and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Helen F. Fahey, United States Attor-

ney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Joseph Johnson was convicted of several firearms and drug offenses, including using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.§ 924(c) (1994), and this court affirmed his convictions and sentence. United States v. Johnson, No. 94-5225 (4th Cir. Mar. 6, 1995) (unpublished). Johnson subsequently filed a motion for relief pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) and Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492). The district court granted Johnson's motion as to his Bailey claim and vacated only the § 924(c) conviction. During the rehearing on sentencing, however, the district court enhanced Johnson's sentence for the remaining drug convictions pursuant to USSG§ 2D1.1* for possession of a firearm. On appeal, Johnson challenges whether the district court can resentence a defendant to an enhanced prison term pursuant to USSG § 2D1.1 after he has successfully challenged his sentence in a § 2255 motion in which he raised a Bailey claim. Finding no error, we affirm.

This issue was recently decided against Johnson in United States v. Hillary, ___ F.3d ___, 1997 WL 61398 (4th Cir. Feb. 14, 1997) (No. 96-7463), in which this court held that the district court had jurisdiction to resentence a defendant on a surviving drug conviction after the defendant was granted relief from his§ 924(c) conviction in

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

light of <u>Bailey</u>. We had previously ruled that resentencing was appropriate in cases where the successful <u>Bailey</u> claim was raised on direct appeal. <u>See United States v. Hawthorne</u>, 94 F.3d 118, 122 (4th Cir. 1996). The decision in <u>Hillary</u> applied this same rule to cases where the successful <u>Bailey</u> claim was raised in a collateral attack.

We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3