Filed:  July 3, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

Nos. 95-5746(L)
(CR-95-49)

---

United States of America,

Plaintiff - Appellee,

versus

Robert Elton Stotts, etc., et al,

Defendants - Appellants.

---

O R D E R

---

The Court amends its opinion filed May 30, 1997, as follows:

On page 4, first paragraph, line 12; and on page 7, first full paragraph, line 8, and second full paragraph, line 12 -- the word "Id." is deleted in each instance.

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

ROBERT ELTON STOTTS, a/k/a
Sugarbear,
Defendant-Appellant.

No. 95-5746

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5748

LINDSEY BROWN, JR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5779

CALVIN FONVILLE, a/k/a Cal,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

RICHARD EARL WILSON, JR., a/k/a
Robert Wilson,
Defendant-Appellant.

No. 95-5798

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-95-49)

Argued: April 11, 1997

Decided: May 30, 1997

Before WILKINSON, Chief Judge, and MICHAEL and
MOTZ, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jon Michael Babineau, Norfolk, Virginia, for Appellant
Fonville; Andrew Robert Sebok, Norfolk, Virginia, for Appellant
Stotts; Charles Russell Burke, Virginia Beach, Virginia, for Appellant
Brown; Sterling Harrisbe Weaver, Sr., Portsmouth, Virginia, for
Appellant Wilson. Kevin Michael Comstock, Assistant United States
Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Helen F.
Fahey, United States Attorney, Remona Sein, Third Year Law Stu-
dent, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Stotts, Lindsey Brown, Jr., Calvin Fonville, and Robert
Wilson, Jr. appeal their convictions and sentences for drug trafficking

and firearms offenses. The four make insufficiency of the evidence arguments on all counts of conviction except for the counts under 18 U.S.C. § 924(c)(1), relating to using or carrying firearms. As to the latter the appellants say that erroneous jury instructions in light of Bailey v. United States, 116 S. Ct. 501 (1995), require reversal. All four appellants argue that the district court erred in its calculation of the amount of drugs attributable to them for sentencing purposes. In addition, Fonville argues that the district court erred when it refused to grant him a two-level downward departure for his minor role in the conspiracy. Under Bailey we vacate the § 924(c)(1) convictions, vacate the sentences, and remand for a determination of whether U.S.S.G. § 2D1.1(b)(1) should be applied. Otherwise, we affirm.

I.

On March 22, 1995, a federal grand jury in the Eastern District of Virginia returned a twenty-five count indictment against ten persons in an alleged drug ring, including the four appellants and Anthony Geppi, Glenwood Davis, Dawn King, Lola Keubler, Alfredo Torres, and Robin White. Six, including the ring leader, Geppi, pled guilty, but the four appellants went to trial. All six who pled guilty testified against the appellants. At trial Stotts and Fonville were found guilty of the following offenses: conspiracy to distribute and to possess with the intent to distribute crack cocaine, see 21 U.S.C. §§ 841(a)(1) and 846; distribution and possession with intent to distribute crack cocaine, see 21 U.S.C. § 841(a)(1); using or carrying firearms during and in relation to a drug trafficking crime, see 18 U.S.C. § 924(c)(1); and possession of firearms and ammunition by a convicted felon, see 18 U.S.C. § 922(g)(1). The jury returned a guilty verdict against Wilson for the same crimes except that it deadlocked on the conspiracy count, which the district court dismissed. Brown was convicted on conspiracy, distribution and possession of crack, and using or carrying firearms.

The evidence, viewed in the light most favorable to the government, see United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993), established the following. Anthony Geppi was the leader of a drug organization in Norfolk, Virginia, that formed in early 1991 and continued until January 1995. The Geppi group operated out of various residences and motel rooms in the Ocean View area of Norfolk.

3

Geppi distributed crack cocaine to various sellers, who took care of retail sales and then returned some of the proceeds to Geppi. The Geppi group pooled its resources to buy vehicles and shared access to a weapons cache. Geppi testified that he fronted crack cocaine to the appellants, Stotts, Brown, Fonville, and Wilson. Geppi's mother, Lola Keubler, testified that when she went to Geppi's to collect money from the drug sales she would see Stotts, Brown, and Fonville there. Keubler said that on several occasions Stotts and Brown accompanied Geppi to her trailer to get drugs and guns. Christopher Sumler testified that he, along with Stotts, Brown, Fonville, and Wilson, obtained crack cocaine from Geppi. Sumler said that they would sell the crack and give Geppi half the money. Finally, Christina Withrow, Geppi's cousin, testified that she stayed at a residence in the Ocean View area where Geppi and his group sold crack cocaine. She said that Brown and Stotts also stayed at the residence and that Fonville came there often. Withrow reported that crack cocaine was distributed from that location twenty-four hours a day, seven days a week.

On October 27, 1994, police searched a house at 9549 20th Bay Street, the location from which the Geppi group was operating at the time. When the officers arrived, several persons in the Geppi organization were there, including Geppi himself and appellants Fonville, Stotts, and Wilson. The police found four handguns, one shotgun, and one assault rifle. In addition, they found 2.1 grams of crack cocaine and drug paraphernalia such as scales and packaging materials.

II.

Stotts, Brown, and Fonville claim that the evidence was insufficient to establish that they conspired with Geppi and the other named defendants. They say that at most they bought cocaine from Geppi and sold it on their own, sharing no profits with the others. The evidence is directly to the contrary. Moreover, there is no requirement that the government prove a formal agreement to establish a conspiracy. "`To sustain [a] conspiracy conviction, there need only be a showing that the defendant knew of the conspiracy's purpose and some action indicating his participation.'" United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992) (quoting United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir. 1984)).

4

> [O]ne may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities . . . [C]ontemporary drug conspiracies [can] contemplate[ ] . . . only a loosely-knit association of members linked by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market.

United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc) (citation omitted). We are satisfied that the evidence, which we summarized above in part I, was sufficient to link Stotts, Brown, and Fonville in an overall conspiracy with Geppi and others to supply the drug market in the Ocean View area of Norfolk.

All four appellants argue that in light of Bailey v. United States, 116 S. Ct. 501 (1996), their convictions pursuant to 18 U.S.C. § 924(c)(1) should be reversed. Section 924(c)(1) imposes criminal liability and mandatory prison time upon any person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm." In Bailey the Supreme Court held that "`use' must connote more than mere possession of a firearm by a person who commits a drug offense." Bailey, 116 S. Ct. at 506. Because the instructions given here permitted the jury to find the appellants guilty of § 924(c)(1) crimes on the basis of mere possession, the government conceded in its brief and at oral argument that the evidence did not meet the Bailey standard. We therefore vacate the appellants' § 924(c)(1) convictions.

"Our nullification of the appellants' convictions under § 924(c)(1) necessitates that we also vacate their sentences." United States v. Hawthorne, 94 F.3d 118, 121-22 (4th Cir. 1996). In this connection, we note that § 2D1.1(b)(1) of the Sentencing Guidelines calls for a two-level increase when a dangerous weapon was possessed during the commission of a drug offense. The district court did not consider § 2D1.1(b)(1)'s application because it cannot be applied along with the mandatory sentences required under 18 U.S.C. § 924(c)(1). See United States v. Clements, 86 F.3d 599, 601 (6th Cir. 1996) (noting that if defendant is charged with and sentenced separately for using and carrying a firearm in violation of 18 U.S.C. § 924(c), the two-level enhancement for firearm possession pursuant to § 2D1.1(b)(1)

5

is not permitted so as to avoid double counting). Because the § 924(c) convictions are vacated, we remand for resentencing and for consideration of whether U.S.S.G. § 2D1.1(b)(1) should be applied. See Hawthorne, 94 F.3d at 122 (vacating § 924(c) charges and noting that government may pursue "possession" enhancement provided by U.S.S.G. § 2D1.1(b)(1)); United States v. Lang, 81 F.3d 955, 963 (10th Cir. 1996) (stating that when defendant's conviction under § 924(c) has been reversed on sufficiency of the evidence grounds on appeal, the case must be remanded for resentencing to determine the applicability of the U.S.S.G. § 2D1.1(b)(1) enhancement).

Stotts, Fonville, and Wilson, all convicted felons, claim that there was insufficient evidence to support their convictions for possession of firearms in violation of 18 U.S.C. § 922(g)(1). Possession can be either constructive or actual. The government makes no claim of actual possession, so we must decide whether there was sufficient evidence to establish constructive possession of firearms. Constructive possession exists when the "defendant exercises, or has power to exercise, dominion and control over an item." United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993). "[P]ossession does not have to be exclusive, but can be shared with others." Id. at 1187. "Joint possession occurs when both the defendant and another person share power and intent to exercise dominion and control . . . ." United States v. Georgacarakos, 988 F.2d 1289, 1296 (1st Cir. 1993). Geppi, the leader, testified that the group kept guns at the various residences for protection from robbery. He said that Stotts, Fonville, and Wilson had access to those guns. This testimony, along with the other evidence about their involvement in the group's activities, was sufficient for the jury to conclude that Stotts, Fonville, and Wilson had the power to exercise dominion and control over the firearms.

Finally, Wilson claims that the evidence was insufficient to support his conviction for possession of 2.1 grams of crack cocaine with the intent to distribute. This cocaine was found (during a police search) under the carpet in the house at 9549 20th Bay Street, where Wilson and several other defendants were when the search began. Wilson's argument is based largely on the fact that the jury did not find him guilty of conspiracy. Thus, he says, there is no way to find possession based upon a theory of vicarious liability. See United States v. Lewis, 902 F.2d 1176, 1181 (5th Cir. 1990) (noting that cocaine possession

6

can be based upon vicarious liability for actions of co-conspirators). With the conspiracy theory gone, Wilson argues that the evidence was insufficient to demonstrate that he had any connection to the 2.1 grams of crack cocaine.

Police officers discovered the 2.1 grams of crack when they went with an animal control officer to 9549 20th Bay Street to look for a mean dog. When the officers arrived, they asked those in the house, including Wilson and other defendants, to step outside. Robin White, Wilson's girlfriend, told the officers that the house was leased in her name and gave them consent to search. After the search was under way, White withdrew her consent; the officers then obtained a search warrant based on what they had already seen. When the search resumed, the officers found six firearms, drug paraphernalia such as scales and packaging materials, and the 2.1 grams of crack cocaine underneath a carpet.

The government does not allege that Wilson actually possessed the crack cocaine. Therefore, we must determine whether the evidence was sufficient to support a jury finding that Wilson constructively possessed the cocaine. Wilson was present at the house at 9549 20th Bay Street, but "mere presence on the premises where drugs are found, or association with one who possesses drugs, is insufficient to establish the possession needed for conviction under 21 U.S.C. § 841(a)." United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984). "Mere presence," however, is not the only evidence against Wilson. Wilson's girlfriend, Robin White, rented the house for Geppi. Although White testified that she did not live there, she was at the house often and saw Wilson there on numerous occasions. More importantly, White testified that Wilson, along with several others in the Geppi group, used the house to sell crack cocaine received from Geppi. As we have already noted, possession can be shared with others. See Wright, 991 F.2d at 1187. Geppi testified that Wilson, among others, had access to the guns located within the house. The jury could have reasonably inferred that those who shared access to the weapons also shared access to the drugs. Thus, in light of the drug paraphernalia and guns found at 9549 20th Bay Street, Wilson's drug-selling activities there, and the inferences that may be drawn from Geppi's testimony about how the group operated, we are satisfied that

7

the evidence was sufficient to support Wilson's conviction for possession of crack cocaine with the intent to distribute.

III.

All four appellants contend that the district court erred when it calculated the quantity of drugs attributable to them for sentencing purposes. Section 1B1.3 of the Sentencing Guidelines states that "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" shall be considered.

The district court's calculations here included amounts distributed by other members of the Geppi group. It attributed 2.629 kilograms of crack cocaine to Stotts and 3.544 kilograms of crack cocaine to both Brown and Fonville. These three appellants were right in the middle of the Geppi group's activities. Geppi fronted all three with crack cocaine; all three were routinely present at the various drug distribution locations around Ocean View; and all three contributed money so that the group could buy vehicles. Thus, the district court did not clearly err when it attributed to Stotts, Brown, and Fonville quantities sold by other members of the Geppi group.

The district court attributed 2.005 kilograms of crack cocaine to Wilson. Wilson claims that the court erred when it attributed to him drugs distributed by other members of the group because the jury did not convict him of conspiracy. The jury's failure to convict Wilson of conspiracy is not dispositive. Section 1B1.3 specifically states that the conduct of others engaged in a joint undertaking may be considered even if the defendant was not charged with conspiracy. While the jury may not have been able to conclude beyond a reasonable doubt that Wilson conspired with others, we think the evidence was sufficient for the district court to conclude by a preponderance that Wilson was engaged in a criminal endeavor with the other members of the Geppi group. Therefore, the district court's drug calculation for Wilson is not clearly erroneous.

Finally, Calvin Fonville contends that the district court erred when it denied him a two-level downward departure pursuant to U.S.S.G.

8

§ 3B1.2 for his minor role in the conspiracy. "A defendant seeking a downward adjustment for his minor role in a criminal offense bears the burden of proving by a preponderance of the evidence that he is entitled to such an adjustment." <u>United States v. Nelson</u>, 6 F.3d 1049, 1058 (4th Cir. 1993). Fonville failed to carry this burden. The district court found that Fonville was involved in the conspiracy on nearly a daily basis, and the evidence supports this finding. Geppi testified that Fonville sold for him. He also characterized Fonville as one of his buddies and indicated that Fonville had access to the guns that were only available to members of the group. Other witnesses identified Fonville as a regular participant in the drug distribution activities. Therefore, the district court did not err when it refused to give Fonville a two-level downward departure under U.S.S.G. § 3B1.2.

IV.

For the foregoing reasons, we vacate each appellant's conviction on the counts relating to 18 U.S.C. § 924(c)(1). Because of this, we vacate their sentences and remand to the district court for resentencing and a determination of whether U.S.S.G. § 2D1.1(b)(1) should be applied. We affirm the other convictions and reject appellants' other challenges to their sentences.

<u>AFFIRMED IN PART AND VACATED</u>
<u>AND REMANDED IN PART</u>

9