**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5679

GREGORY VONZELL COMER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-95-69)

Submitted: February 28, 1997

Decided: July 30, 1997

Before HALL, ERVIN, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Scott P. Mebane, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gregory Vonzell Comer appeals his convictions after jury trial for armed bank robbery and carrying a firearm during a crime of violence. 18 U.S.C. §§ 2113(d), 924(c)(1) (1994). He alleges on appeal that the district court erred by denying his motions for acquittal under Fed. R. Crim. P. 29 and that the district court gave an erroneous jury instruction regarding "use" of a firearm under 18 U.S.C. § 924(c)(1). For the following reasons, we affirm the convictions.

Comer pled guilty to bank robbery under 18 U.S.C.§ 2113(a) (1994). At trial, his counsel attempted to cast doubt on whether Comer actually used a gun to obtain money from the bank. The evidence at trial, however, was uncontroverted that Comer presented a bank teller with a bag, opened his coat, showed the teller a pistol in his belt and told the teller "this is for real, put the money in there." While the teller complied, Comer stated that "if you put a dye pack in there [the bag], I'm going to blow your head off." As Comer exited the bank doors, he pulled his gun out of his belt. With respect to the § 924(c)(1) charge, the court instructed the jury that:

> the Government must prove beyond a reasonable doubt that during and in relation to the bank robbery he [Comer] either carried or used a firearm. A person is considered to have carried a firearm if he has it in his actual possession during the course of a bank robbery. A person is considered to have used a firearm if its presence in his possession facilitated in any manner a bank robbery. In determining whether a firearm facilitated and had a relation to a bank robbery offense, it is not necessary to find that the firearm was fired. A firearm can facilitate and relate to a bank robbery if the person possessing the firearm intended to use the gun to frighten bank personnel into complying with his demands or to give

2

himself courage during the course of the robbery or to make an escape possible.

In reviewing a denial of a motion for acquittal, we must affirm the denial if considering the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the Government, any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Sloley, 19 F.3d 149, 152 (4th Cir. 1994). Based upon the uncontroverted facts presented at trial, we find that any rational fact finder could have found that Comer used a gun to effect his robbery and that this contested element was proved beyond a reasonable doubt for both counts. Id.; 18 U.S.C. §§ 2113(d), 924(c)(1).

In addition, we find sufficient evidence supports Comer's 18 U.S.C. § 924(c) conviction under either the"use" or "carry" prong of the statute, notwithstanding Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039, 4041-42 (U.S. Dec. 6, 1995) (No. 94-7448, 94-7492). However, because the § 924(c)(1) jury instruction was erroneous as to the "use" element, see United States v. Hayden, 85 F.3d 153, 161 (4th Cir. 1996) (after Bailey "use" under § 924(c)(1) requires more than mere possession or intended use; it requires actual use-- brandishing, displaying, bartering, striking with or firing or attempting to fire), "we must set aside the defendant's conviction unless we can say, beyond a reasonable doubt, that the jury actually made the finding that inheres in the element." United States v. Hawthorne, 94 F.3d 118, 121 (4th Cir. 1996). Although the jury was erroneously instructed with respect to the "use" prong, see Hayden, 85 F.3d at 161, the relationship between Comer and the pistol is such that the jury had to make a finding that he used the firearm during the process of the bank robbery, e.g. if the jury believed Comer had a gun it was because they believed the testimony of the teller that Comer showed his gun to the teller and threatened to "blow his head off" if he placed a dye pack into his sack. Accordingly, we find beyond a reasonable doubt, that the jury actually found all the elements of § 924(c)(1) as these facts show both "use" and "carry" of a pistol in connection with the bank robbery. See Hawthorne, 94 F.3d at 121; United States v. Smith, 94 F.3d 122, 124 (4th Cir. 1996).

Thus, we affirm Comer's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4