**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4712

PATRICK PATTERSON, a/k/a Bubba,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
W. Earl Britt, District Judge.
(CR-92-72, CA-96-315-1-5)

Submitted: March 31, 1997

Decided: August 25, 1997

Before NIEMEYER and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Barbara D. Kocher, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Patrick Patterson was initially convicted pursuant to his guilty pleas of one count each of possession of crack cocaine with intent to distribute and using or carrying a firearm during and in relation to a drug trafficking offense. After the Supreme Court's decision in Bailey,[1] Patterson filed a § 2255[2] motion attacking his § 924(c)[3] conviction. The district court granted the motion, and, over Patterson's objection, ordered a resentencing hearing. On resentencing, the district court enhanced Patterson's sentence for the drug conviction pursuant to USSG § 2D1.1(b)(1).[4] On appeal, Patterson challenges the district court's jurisdiction to order a hearing on resentencing. Patterson also challenges the application of the enhancement on evidentiary and constitutional grounds. Finding no reversible error, we affirm.

Patterson asserts that he cannot be resentenced on his underlying drug conviction following his successful Bailey claim. We previously addressed this issue and decided to the contrary in United States v. Hillary, ___ F.3d ___, 1997 WL 61398 (4th Cir. Feb. 14, 1997) (No. 96-7463) (holding that the district court had jurisdiction to resentence a defendant on a surviving drug conviction after the defendant was granted collateral relief from his § 924(c) conviction based on Bailey).[5]

_____

[1] **Bailey v. United States**, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492).
[2] 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.
[3] 18 U.S.C. § 924(c) (1994).
[4] United States Sentencing Commission, Guidelines Manual (Nov. 1995).
[5] Hillary simply applied this court's decision in United States v. Hawthorne, 94 F.3d 118, 122 (4th Cir. 1996) (holding that resentencing was appropriate in cases where the successful Bailey claim was raised on direct appeal), to cases on collateral review.

2

Patterson also raises claims concerning the constitutionality of USSG § 2D1.1, which we have found constitutional. See United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992) (applying the "clearly improbable" test); United States v. Bowman , 926 F.2d 380, 381-82 (4th Cir. 1991) (holding that § 2D1.1 does not violate the Due Process Clause). Finally, we find that the evidence was sufficient to establish a connection between the weapons found in Patterson's residence and his drug activities.

We therefore affirm the findings and sentence of the district court on resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED