UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4873

PHGERO M. BERNARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca B. Smith, District Judge.
(CR-96-31)

Submitted: August 12, 1997

Decided: September 3, 1997

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jennifer T. Stanton, J. T. STANTON, P.C., Norfolk, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Robert E. Braden-
ham, II, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Phgero M. Bernard pled guilty to distribution of and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). He appeals his 192-month sentence, contending that the district court erred in imposing a two-level enhancement for possession of a firearm. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1995). Finding no error, we affirm.

Under the surveillance of law enforcement officials, Bernard sold 414.9 grams of cocaine base to an undercover confidential informant. The transaction occurred in the vehicle that Bernard drove to the meeting. After the sale was completed, the informant exited the vehicle and Bernard was arrested. During the search of the vehicle incident to Bernard's arrest, 199.1 grams of cocaine base were recovered from inside a knapsack on the seat behind the driver's seat, and a .40 caliber Taurus pistol was recovered from the back seat on the passenger side floorboard. In imposing sentence, the district court found that Bernard possessed the weapon during the commission of a drug trafficking crime and applied the two-level enhancement of USSG § 2D1.1(b)(1).

Relying on Bailey v. United States, #6D6D 6D# U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), Bernard contends that the district court clearly erred in making the enhancement for possession of a firearm because there was no evidence presented that he actively employed the firearm. However, Bailey does not preclude a sentencing enhancement for possession of a firearm during a drug offense. See United States v. Hawthorne, 94 F.3d 118, 122 (4th Cir. 1996). Rather, the commentary to USSG § 2D1.1(b)(1) directs that the enhancement for weapon possession by drug traffickers "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), comment (n.3). We find no clear error in the district court's finding that the firearm in the vehicle where the drug transaction occurred was sufficient to enhance Bernard's sentence for

2

weapon possession under the guidelines. <u>See United States v. Rusher</u>, 966 F.2d 868, 880-81 (4th Cir. 1992).

We therefore affirm Bernard's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3