**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4700

CORWIN TYRELL WOODSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-94-79)

Submitted: September 11, 1997

Decided: September 23, 1997

Before RUSSELL, MURNAGHAN, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gary R. Hershner, MORRISSEY, HERSHNER & JACOBS, Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, M. Hannah Lauck, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Corwin Tyrell Woodson was convicted of drug, money laundering,
and firearm offenses, including using or carrying a firearm during and
in relation to a drug trafficking offense in violation of 18 U.S.C.
§ 924(c) (1994). He was sentenced to a term of 240 months imprison-
ment. On appeal, we vacated Woodson's § 924(c) conviction under
Bailey v. United States, ___ U.S. #6D6D 6D#, 64 U.S.L.W. 4039 (U.S. Dec.
6, 1995) (Nos. 94-7448/7492), and remanded for resentencing. See
United States v. Sedgwick, Nos. 95-5417/5418/5428/5461 (4th Cir.
May 29, 1996) (unpublished), cert. denied, ___ U.S. ___, 65
U.S.L.W. 3265 (U.S. Oct. 6, 1997) (No. 96-5768).

The district court then resentenced Woodson on the remaining
counts, adding an enhancement for possession of a firearm during a
drug offense. United States Sentencing Commission, Guidelines
Manual, § 2D1.1(b)(1) (Nov. 1995). The district court overruled
Woodson's objection to the enhancement and sentenced him to a term
of 240 months imprisonment. Woodson appeals, alleging that the
enhancement violated his rights under the Double Jeopardy and Due
Process Clauses. Finding no error, we affirm.

We recently decided the issue raised here in United States v.
Hillary, 106 F.3d 1170, 1171-73 (4th Cir. 1997), holding that the dis-
trict court has jurisdiction to resentence a defendant on a surviving
drug conviction after he has been granted relief from a § 924(c) con-
viction in light of Bailey. See also United States v. Hawthorne, 94
F.3d 118, 122 (4th Cir. 1996) (when a § 924(c) conviction is over-
turned under Bailey, the district court may consider § 2D1.1 enhance-
ment on remand, so long as the government agrees to forego
reprosecution of the § 924(c) count). Because this case is governed by
Hillary and Hawthorne, Woodson's contentions are without merit.

2

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3