**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4151

KELVIN ALVON BURSTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-94-33-BR)

Submitted: September 2, 1997

Decided: October 1, 1997

Before NIEMEYER and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Gordon Widenhouse,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Banumathi Rangarajan,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Kelvin Alvon Burston was initially convicted pursuant to his guilty pleas of one count each of possession of crack cocaine with intent to distribute and using or carrying a firearm during and in relation to a drug trafficking offense. After the Supreme Court's decision in <u>Bailey</u>,[1] Burston filed a § 2255[2] motion attacking his § 924(c)[3] conviction. The district court granted the motion and ordered a resentencing hearing over Burston's objection. On resentencing, the district court enhanced Burston's sentence for the drug conviction pursuant to USSG § 2D1.1(b)(1).[4] On appeal, Burston challenges the district court's jurisdiction to resentence him and the court's application of the sentencing enhancement. Finding no reversible error, we affirm.

Burston asserts that the district court improperly resentenced him on his drug conviction following his successful collateral attack of his firearm conviction under <u>Bailey</u>. We decided this issue to the contrary in <u>United States v. Hillary</u>, 106 F.3d 1170 (4th Cir. 1997) (holding that the district court had jurisdiction to resentence a defendant on a surviving drug conviction after the defendant was granted collateral relief from his § 924(c) conviction based on <u>Bailey</u>).[5] Burston also attacks the constitutionality of USSG § 2D1.1. We have found § 2D1.1 constitutional when properly applied. See <u>United States v.</u>

_____

[1] **Bailey v. United States**, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492).
[2] 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997).
[3] 18 U.S.C. § 924(c) (1994).
[4] **U.S. Sentencing Guidelines Manual** (1996).
[5] **Hillary** applied this court's decision in <u>United States v. Hawthorne</u>, 94 F.3d 118, 122 (4th Cir. 1996) (holding that resentencing was appropriate when successful <u>Bailey</u> claim was raised on direct appeal), to similar collateral attacks.

2

Bowman, 926 F.2d 380, 381-82 (4th Cir. 1991) (holding that application of § 2D1.1 does not violate Due Process Clause). Finally, we find that the evidence was sufficient to establish a connection between the firearm found in the apartment and Burston's drug activities.[6] See United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994).

We therefore affirm the district court's findings and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

_____

[6] A confidential informant notified police that two men were delivering crack cocaine to a dealer known by the initials "KB." Police observed the two men enter a third floor apartment. After the men left, police executed a search warrant. Burston fled by jumping out a window, but he was eventually apprehended. The two men were also apprehended and found carrying over $3400 in cash. Over 150 grams of crack cocaine was discovered in the apartment, some of it within arms-reach of a .32 cal. handgun. Burston admitted to police that he was a drug dealer, that the drugs found in the apartment were his, and that the two men delivered crack cocaine to him on several other occasions.

3