UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                               No. 97-4443

HOWARD DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-92-524)

Submitted: January 20, 1998

Decided: February 11, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William H. Ehlies, P.A., Greenville, South Carolina, for Appellant.
J. Rene Josey, United States Attorney, David C. Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Howard Davis pled guilty in 1993 to conspiring to distribute and to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994), and to using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C.A.§ 924(c) (West Supp. 1994). On appeal,* Davis contended, among other things, that in light of Bailey v. United States, #6D 6D6D# U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), there was not a sufficient factual basis to support his guilty plea on the § 924(c) count. We affirmed Davis' conspiracy conviction and sentence but remanded the § 924(c) conviction and sentence to the district court for a determination of whether the conviction should stand in light of Bailey and for further proceedings as appropriate. See United States v. Davis, No. 95-5525 (4th Cir. Oct. 25, 1996) (unpublished). The district court vacated the § 924(c) conviction and resentenced Davis, enhancing his sentence for the drug conviction under U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1) (1995).

Davis appeals his 235-month prison sentence, claiming that the district court exceeded the scope of our remand and therefore did not have jurisdiction to resentence him on the related conspiracy conviction following his successful attack on direct appeal of his § 924(c) conviction under Bailey. We have decided this issue to the contrary. See United States v. Hawthorne, 94 F.3d 118, 122 (4th Cir. 1996).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

_____
*We dismissed Davis' first appeal for lack of jurisdiction because the notice of appeal was not timely filed. Davis then filed a motion under 28 U.S.C. § 2255 (1994), claiming that his counsel failed to timely file the notice of appeal after being asked to do so. The district court granted Davis' motion, vacated the judgment of conviction, and reinstated it to afford Davis an opportunity to appeal.