UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4552

VICTOR ADENIYI ALADEKOBA, a/k/a
Paul Anthony Johnson, a/k/a TJ,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-93-18-WMN)

Submitted: April 20, 1999

Decided: May 24, 1999

Before WIDENER, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas J. Wood, Riverdale, Maryland, for Appellant. Jamie M. Bennett, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Victor Aladekoba was found guilty by a jury of conspiracy in violation of 21 U.S.C. § 846 (1994) and 18 U.S.C.§ 2 (1994); possession with intent to distribute in violation of 21 U.S.C.§ 841(a)(1) (1994) and 18 U.S.C. § 2; and use of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (1994). Aladekoba was sentenced to two concurrent 260-month terms of imprisonment for the conspiracy and possession convictions. Aladekoba also received a consecutive 60-month term for the firearm conviction, for a total of 320 months' imprisonment.

In November, 1997, this Court affirmed Aladekoba's conspiracy and possession convictions but vacated the conviction for use of a firearm in relation to a drug trafficking offense. See United States v. Aladekoba, 1997 WL 712894 (4th Cir. Nov. 17, 1997) (No. 94-5371) (unpublished). The firearm conviction was vacated based upon the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995) (holding that conviction under statute that criminalizes "use" of firearm in relation to drug trafficking offense requires evidence sufficient to show active employment of firearm by defendant). We then remanded for re-sentencing.

Upon remand, the district court imposed a sentence of 300 months' imprisonment. Aladekoba again appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred in assigning a two-level enhancement to Aladekoba's offense for possession of a firearm under U.S. Sentencing Guidelines Manual§ 2D1.1(b)(1) (1992) and whether the court erred in denying downward departure to Aladekoba. In addition, Aladekoba filed a pro se supplemental brief alleging ineffective assistance of counsel.

Because the district court fully understood its authority to depart from the Sentencing Guidelines, its refusal to depart in this case is not subject to appellate review. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). Furthermore, we do not find that the district court clearly erred in its assignment of the two-level enhancement. See

2

United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997); United States v. Hawthorne, 94 F.3d 118, 121-22 (4th Cir. 1996); United States v. Morsley, 64 F.3d 907, 915 (4th Cir. 1995). Finally, the record does not conclusively establish that Aladekoba received ineffective assistance of counsel. Accordingly, we decline to consider this claim on direct appeal. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995); Lockhart v. Fretwell, 506 U.S. 364, 370 (1993); Strickland v. Washington, 466 U.S. 668, 687 (1984).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Aladekoba's sentence. We also deny counsel's motion to withdraw at this time. This Court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this Court for leave to withdraw from representation. See 4th Cir. Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3