94 F.3d 122
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Elijah SMITH, a/k/a David Jones, a/k/a Michael Knight,
a/k/a Jerry Lee Brown, a/k/a Miami Dave,
Defendant-Appellant.
 No. 94-5531.
 United States Court of Appeals,
Fourth Circuit.
 Submitted March 27, 1996.
Decided Aug. 21, 1996.
 
 Wayne James Payne, Powell & Payne, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, William Arthur Webb, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 Affirmed in part, reversed in part, vacated in part, and remanded by published opinion. Judge HALL wrote the opinion, in which Judge RUSSELL and Judge WIDENER joined.
 OPINION
 K.K. HALL, Circuit Judge:
 
 
 1
 This case, like its companion, United States v. Hawthorne, 94 F.3d 118 (4th Cir.1996), is before us on remand from the Supreme Court subsequent to its decision in Bailey v. United States, --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). David Elijah Smith petitioned the Court for a writ of certiorari following our affirmance of his numerous drug-related convictions in the district court, including a pair of convictions under 18 U.S.C. § 924(c)(1) for using or carrying two different firearms during and in relation to separate drug crimes. United States v. Smith, No. 94-5531, 62 F.3d 1415 (4th Cir.1995) (unpublished). We also affirmed Smith's sentence, which included consecutive five- and twenty-year terms of imprisonment for the § 924(c)(1) convictions. See 18 U.S.C.A. § 924(c)(1) (West Supp.1996). The Supreme Court granted Smith's petition for certiorari, vacated our judgment, and remanded the case to us for further consideration in light of Bailey. Smith v. United States, --- U.S. ---- 116 S.Ct. 1314, 134 L.Ed.2d 468 (1996).
 
 
 2
 On remand, we have received supplemental briefing from the parties addressing the effect of Bailey on Smith's § 924(c)(1) convictions, including two submissions from Smith himself in which he raises a plethora of other challenges to his remaining convictions and his sentence. Because the jury instructions in Smith's case were no less infirm than those in Hawthorne, his convictions under § 924(c)(1) cannot stand.
 
 I.
 
 3
 The jury in this case, unlike the Hawthorne jury, was instructed that it could convict Smith of the § 924(c)(1) charges if it found that he had either used or carried the firearms at issue during and in relation to a drug trafficking crime. However, as to the "use" element, the jury was instructed as follows:
 
 
 4
 The term "uses" with respect to the firearm means the knowing possession of a firearm for security, regardless of whether the weapon is ever referred to, displayed, pointed or fired. If a firearm plays any role in a drug trafficking crime, or if it facilitates the crime in any way ... it is being used within the meaning of Section 924(c) of Title 18.... The Government is not required to show the Defendant actually displayed or fired the weapon. The Government is required, however, to prove beyond a reasonable doubt, that the firearm was in the Defendant's possession or under the Defendant's control at the time that a crime, a drug trafficking crime was committed.
 
 
 5
 Though faithful to our earlier precedents, this instruction is plainly at odds with Bailey, which requires that a firearm be actively employed--not merely possessed--in order to be "used" within the meaning of § 924(c)(1). Bailey, --- U.S. at ----, 116 S.Ct. at 506.
 
 
 6
 In this case, searches of Smith's residence conducted about a month apart turned up two firearms. The trial evidence established that Smith obtained the first weapon, a Raven .25 caliber semiautomatic pistol, as collateral for a drug debt. The only testimony regarding the second weapon, a .380 caliber semi-automatic handgun, was that it "belonged" to Smith during the time that he was distributing crack cocaine.
 
 
 7
 As to this second weapon, the government now concedes that, in light of Bailey, the evidence was insufficient to show that Smith had either used or carried it during and in relation to a drug trafficking crime. See United States v. Hayden, 85 F.3d 153, 161 (4th Cir.1996) (evidence that a firearm is merely stored in a location accessible to the defendant does not establish that it has been "used" within the meaning of § 924(c)(1)). In turn, Smith's counsel has conceded that, even under Bailey, the evidence was sufficient to support the jury's finding that his client used the Raven .25. See Bailey, --- U.S. at ----, 116 S.Ct. at 508 (active-employment understanding of "use" includes bartering).
 
 
 8
 We agree with counsels' respective positions regarding the sufficiency of the evidence, but we must once more point out, as we have in Hawthorne, that the quantum of evidence before the jury in these cases is secondary to the question of whether the instructions it received ensured a constitutional verdict. A misinstruction as to an essential element of an offense requires a subsequent conviction to be set aside, unless it is assured, beyond a reasonable doubt, that the jury actually made the finding that inheres in the element. United States v. Aramony, 88 F.3d 1369, 1386-87 (4th Cir.1996); United States v. Johnson, 71 F.3d 139, 143 (4th Cir.1995); United States v. Forbes, 64 F.3d 928, 934-35 (4th Cir.1995). In the absence of such an assurance, we cannot be certain that the jury actually found the defendant to have committed the charged offense. See Sullivan v. Louisiana, 508 U.S. 275, 280-81, 113 S.Ct. 2078, 2082, 124 L.Ed.2d 182 (1993) ("[T]o hypothesize a guilty verdict that was never in fact rendered--no matter how inescapable the findings to support that verdict might be--would violate the jury-trial guarantee.").[1]
 
 
 9
 Here, because the jury was instructed as to both alternatives, we cannot know whether it convicted Smith under § 924(c)(1) because it found him to have "used" the firearms at issue, or because it found him to have "carried" them. If the jury found the former regarding either count, based on the pre-Bailey instructions that it received, then the verdict it rendered as to that count was not a constitutional one. As a result, neither conviction may stand.
 
 
 10
 Inasmuch as the government concedes that the evidence was insufficient to support the jury's verdict on the count involving the .380, that conviction is reversed outright. Conversely, because the evidence has been deemed sufficient to support the jury's verdict on the count involving the Raven .25, that conviction is merely vacated, and the government may, at its option, retry Smith. See, e.g., United States v. Starkes, 32 F.3d 100, 101 (4th Cir.1994).
 
 II.
 
 11
 Having set aside Smith's convictions under § 924(c)(1), we also vacate his sentence.[2] As we noted in Hawthorne, should the government elect to forgo a second trial on the vacated count, it may, at resentencing, seek to increase Smith's offense level on the remaining convictions by demonstrating that he possessed the Raven .25 in the commission of a drug trafficking offense. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1995). Of course, circuit precedent dictates that the government is entitled to pursue the same increase by showing that Smith possessed the .380, notwithstanding that he has, in effect, been acquitted of having used or carried it. E.g., United States v. Romulus, 949 F.2d 713, 716-17 (4th Cir.1991), cert. denied, 503 U.S. 992, 112 S.Ct. 1690, 118 L.Ed.2d 403 (1992).[3]
 
 III.
 
 12
 We affirm the bulk of Smith's convictions. See note 2, supra. However, Smith's conviction under 18 U.S.C. § 924(c)(1) for having used or carried the .380 during and in relation to a drug trafficking crime is reversed. His conviction under that same statute for having used or carried the Raven .25 is vacated, as is his sentence, and the case is remanded to the district court for further proceedings consistent with this opinion.
 
 
 13
 AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 The point has not escaped Smith himself, who asserts on Page 2 of his pro se supplemental brief that "sufficiency of the evidence is not a factor in this case where the jury instruction under the old law is no longer good law."
 
 
 [2]
 Smith's appeal of his sentence is thus rendered moot. We note also that we have considered Smith's various challenges to his four remaining convictions, raised in his pro se supplemental brief and the addendum thereto, but we find the arguments contained therein to be without merit. We affirm those convictions for the reasons stated in our prior opinion
 
 
 [3]
 Armed with no foreknowledge of which option the government will select, we express no opinion as to whether the § 2D1.1(b)(1) enhancement may be applied to the underlying drug convictions, based on Smith's possibly having possessed the .380, in the event that he is again tried and convicted of violating § 924(c)(1) by virtue of his using or carrying the Raven .25