UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5569

ERIC EUGENE MOBLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-94-92-V)

Submitted: July 31, 1997

Decided: August 18, 1997

Before HALL, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed in part, dismissed in part, reversed in part, and remanded for
resentencing by unpublished per curiam opinion.

_____

**COUNSEL**

Jesse L. Waldon, Jr., Matthews, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric Eugene Mobley pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine base (21 U.S.C. § 846 (1994)) (Count One), and using or carrying a firearm in a drug trafficking offense (18 U.S.C.A. § 924(c) (West Supp. 1997), 18 U.S.C. § 2 (1994)) (Count Six). He was sentenced to a term of 150 months imprisonment for the conspiracy and a 60-month consecutive sentence for the § 924(c) count. Mobley waived his right to appeal his conviction or sentence in his plea agreement except for claims of prosecutorial misconduct or ineffective assistance. He now appeals, arguing first that the district court committed reversible error in permitting the government to refuse to file a motion under § 5K1.1* because the refusal amounted to a violation of the plea agreement, or prosecutorial misconduct. Mobley requests leave to file a pro se supplemental brief, in which he maintains that his § 924(c) conviction should be vacated in light of Bailey v. United States, #6D 6D6D# U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448/7492). We grant the motion to file a pro se brief. We find the waiver valid as to the sentencing issues Mobley raises and dismiss that portion of the appeal. We affirm the conspiracy conviction but reverse the § 924(c) conviction and remand for resentencing.

I.

Mobley supplied crack to co-defendant Antonio Rogers, who in turn made a number of sales to an undercover agent. On one occasion, while on the way to meet Mobley, Rogers showed the agent a knife he was carrying for protection and told the agent he had "plenty of guns" at home. A few days later, on April 20, 1994, Rogers was a passenger in a car that was stopped by police. He had with him a quarter-ounce of crack and a loaded semi-automatic .22 caliber pistol. He swallowed the crack and ran, leaving behind the gun. The next day, while again driving with the agent to meet Mobley, Rogers told the agent about his escape. On May 4, 1994, Mobley was arrested

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994). Mobley was sentenced in June 1995.

while retrieving crack from his apartment for another sale to the agent. His apartment was searched by federal agents, who found 223 grams of crack, nearly $9000 in cash, and seven firearms.

In his plea agreement, Mobley stipulated that his relevant conduct included 150-500 grams of cocaine base. He also waived the right to contest his conviction or sentence on appeal or in post-conviction proceedings if his sentence was within the guideline range; claims of prosecutorial misconduct and ineffective assistance were excepted. During the plea colloquy, Mobley affirmed his intention to waive his appeal rights. The plea agreement also provided that the government would request a substantial assistance departure if it made the discretionary determination that Mobley had rendered substantial assistance.

At sentencing, Mobley stipulated to the offense conduct section of the presentence report as the factual basis for his plea. Although the government had been planning to make a substantial assistance motion, it declined to do so because Mobley was twice arrested while engaging in unauthorized crack dealing just before he was sentenced. He was detained on a bench warrant after the probation officer recommended that his bond be revoked.

II.

We first find that Mobley's waiver of his appeal rights was knowing and intelligent, and that the waiver precludes review of all but his prosecutorial misconduct claim and his Bailey claim. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). With regard to the Bailey issue, a valid waiver does not prevent review of a sentence imposed in excess of the statutory penalty. Id. Appellate review of a conviction with an inadequate factual basis is similarly available.

Mobley contends that the government failed to fulfill its obligation under the plea agreement because it decided against making a substantial assistance motion based on his pre-sentencing arrests rather than on the quality of his assistance. He argues that the government's refusal to make the motion for that reason was not rationally related to a legitimate government objective. Under Wade v. United States, 504 U.S. 181, 186 (1992), a district court may consider a substantial

assistance departure without a government motion only if the refusal to make the motion results from a breach of the plea agreement or an unconstitutional motive. A defendant must make a substantial threshold showing of improper motive. Id.

Here, Mobley was on bond so that he could cooperate with authorities. He had done so to some degree, but he then proceeded to conduct at least two unauthorized crack sales resulting in his arrest on two occasions by local police. Discouraging such conduct by defendants who are released for the specific purpose of cooperating with authorities is a legitimate government end. Therefore, Mobley failed to establish prosecutorial misconduct, and the district court did not err in refusing to compel the government to make a substantial assistance motion. Accordingly, we affirm the conspiracy conviction.

Mobley also contends that the district court erred in determining his criminal history. In his pro se brief, he contests the use of the guidelines for crack offenses, and the adoption of the drug amount recommended in the presentence report. We dismiss this portion of the appeal.

III.

To convict a defendant for "using" a firearm in relation to a drug crime, the government must show that he actively employed the firearm. Bailey, ___ U.S. ___, 64 U.S.L.W. at 4041. To convict a defendant for "carrying" a firearm under § 924(c), the government must prove that he knowingly possessed and bore, moved, conveyed, or transported the firearm in some manner. See United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997). The indictment charged that Mobley and Rogers used or carried the firearms found in Mobley's apartment on May 4, 1994 (the day of his arrest), during and in relation to their conspiracy, or aided and abetted each other in doing so. The factual basis for the plea contained in the presentence report does not establish that Mobley actively employed or carried any of those firearms on that day or that Rogers did.

A defendant is liable for the acts of co-conspirators in furtherance of a conspiracy, including violations of § 924(c). See United States v. Monroe, 73 F.3d 129, 132 (7th Cir. 1995). However, Count Six, to

4

which Mobley pled guilty, specified that he used or carried specific firearms on a specific day, May 4, 1994. The .22 caliber pistol Rogers carried on April 20, 1994, was not one of those listed in Count Six, nor is there any information in the presentence report which connects that firearm to Mobley. Moreover, Rogers was charged (in Count Seven) under 18 U.S.C.A. § 922(g)(1) (West Supp. 1997), with possessing the .22 caliber pistol on April 20 while a convicted felon. He was not charged under § 924(c). His conduct cannot be a basis for Mobley's § 924(c) conviction.

Now that Bailey has clarified the meaning of "use" in § 924(c), the factual basis for Mobley's plea to Count Six is inadequate to support the conviction. Therefore, we reverse the conviction and remand for resentencing. On remand, the government will be able to request an enhancement for possession of a dangerous weapon during the drug offense under USSG § 2D1.1(b)(1). See United States v. Smith, 94 F.3d 122, 125 (4th Cir. 1996).

To summarize, we grant Mobley's motion to file a pro se brief. Mobley's conspiracy conviction is affirmed, his § 924(c) conviction is reversed, and the case is remanded for resentencing. We dismiss that portion of the appeal which challenges the conspiracy sentence on grounds other than prosecutorial misconduct. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART, REVERSED IN PART AND REMANDED FOR RESENTENCING

5