**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 97-4390

ISAAC GEORGE ABBOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-90-64-R)

Submitted: October 10, 1997

Decided: January 14, 1998

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Deborah S. Caldwell-Bono, Roanoke, Virginia, for Appellant. Robert
P. Crouch, Jr., United States Attorney, Thomas J. Bondurant, Jr.,
Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Isaac George Abbott was found guilty of various drug offenses, including using or carrying a firearm during and in relation to a drug trafficking offense under 18 U.S.C.A. § 924(c) (West Supp. 1994). Following the Supreme Court's decision in <u>Bailey v. United States</u>, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), Abbott filed a motion under 28 U.S.C.A.§ 2255 (West 1994 & Supp. 1997), requesting that his § 924(c) conviction be vacated. The Government consented on the ground that the facts did not support a § 924(c) conviction under <u>Bailey</u>. The district court granted the motion to vacate the sentence imposed on the § 924(c) conviction and ordered that Abbott be resentenced. The district court vacated his § 924(c) conviction but held that U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) was applicable because Abbott possessed a dangerous weapon in connection with his drug offenses. Thus, the district court increased Abbott's base offense level by two levels. <u>See</u> USSG § 2D1.1(b)(1). Abbott was resentenced on his remaining counts, receiving a sentence of 121 months imprisonment. Abbott appeals his new sentence.

On appeal, Abbott does not allege that the district erred in its application of USSG § 2D1.1(b)(1). Rather, Abbott asserts that the district court did not have authority to resentence him after vacation of his § 924(c) conviction and sentence. In his brief filed with the court, Abbott admits that this court has recently held that a district court may resentence a defendant after vacating a § 924(c) conviction and enhance his sentence on the remaining counts under USSG § 2D1.1(b)(1). <u>See United States v. Hillary</u>, 106 F.3d 1170, 1171-72 (4th Cir. 1997). <u>See also United States v. Smith</u> , 94 F.3d 122, 125 (4th Cir. 1996) (holding that, as noted in <u>United States v. Hawthorne</u>, 94 F.3d 118, 122 (4th Cir. 1996), if the government elects to forgo a trial on the vacated § 924(c) count, it may seek to increase defendant's offense level on the remaining convictions under USSG § 2D1.1(b)(1) by demonstrating that he possessed a gun in the commission of other drug offenses). Nonetheless, Abbott attacks this court's decisions on the matter as erroneous as a matter of law. We decline to revisit our previous decisions on the matter. Accordingly, the district court's

order of resentencing is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3