**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 97-4872

CALVIN FONVILLE, a/k/a Cal,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-95-49)

Submitted: May 26, 1998

Decided: June 19, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jon M. Babineau, DOYLE & BABINEAU, P.L.L.C., Norfolk, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Kevin M. Comstock, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Calvin Fonville was convicted following a jury trial of conspiracy to distribute and to possess with the intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (1994) (current version at 18 U.S.C.A. § 924(c)(1) (West Supp. 1998)), and possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994). On appeal, Fonville contended, inter alia, that in light of Bailey v. United States, 516 U.S. 137 (1995), the evidence was insufficient to support his § 924(c) conviction. We vacated Fonville's § 924(c) conviction and sentence and remanded the case for a determination whether an enhancement was appropriate under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995). See United States v. Fonville, No. 95-5798(L) (4th Cir. May 30, 1997) (unpublished). The district court resentenced Fonville, enhancing his conspiracy conviction under USSG § 2D1.1(b)(1) for possession of a firearm. On appeal, Fonville challenges the district court's application of the sentencing enhancement. Finding no error, we affirm.

Fonville contends that the evidence was insufficient to prove actual, constructive, or joint possession of a firearm while engaged in, or in furtherance of, the conspiracy. He also contends that because he was acquitted of two other firearms offenses and because this Court vacated his § 924(c) conviction, there was no other evidence to support the enhancement.

We review the district court's factual finding regarding possession of a dangerous weapon during the commission of a narcotics offense for clear error. See United States v. Kimberlin , 18 F.3d 1156, 1160

2

(4th Cir. 1994). The commentary to USSG § 2D1.1(b)(1) directs that the enhancement for weapon possession by drug traffickers "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), comment. (n.3). In a conspiracy case the proximity condition is met when the weapon is present in a place where the conspiracy is carried on or furthered. See United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). A firearms enhancement is permissible if possession of the firearm by a co-conspirator was reasonably foreseeable to the defendant. See Kimberlin, 18 F.3d at 1160. An enhancement under § 2D1.1(b)(1) may be applicable even if the defendant was acquitted of a § 924(c) offense, or if the § 924(c) offense was vacated. See United States v. Nelson, 6 F.3d 1049, 1057 (4th Cir. 1993); see also United States v. Smith, 94 F.3d 122, 125 (4th Cir. 1996).

The trial transcript reveals that Fonville was a member of a drug organization that operated out of various residences and motel rooms and shared access to a weapons cache. Law enforcement officials conducted a search of a house from which the organization was operating, and discovered five firearms, 2.1 grams of crack cocaine, and drug paraphernalia. Fonville went to the residence often and was at the residence when the search was conducted. The firearms were kept at the residence for protection, and Fonville had access to the firearms. Further, Fonville was observed by one witness trading a firearm for drugs. We find that the district court's application of § 2D1.1(b)(1) was not clearly erroneous.

Accordingly, we affirm Fonville's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

AFFIRMED

3