UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 97-4902

ERIC EUGENE MOBLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-94-92-V)

Submitted: June 23, 1998

Decided: July 20, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jesse J. Waldon, Jr., Matthews, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric Eugene Mobley pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C.§§ 841(A)(1), 846 (1994), and using and carrying a firearm during and in relation to a drug trafficking offense, in violation 18 U.S.C.§ 924(c)(1) (1994) (current version at 18 U.S.C.A. § 924(c)(1) (West Supp. 1988)). On appeal, Mobley contended, inter alia, that in light of Bailey v. United States, 516 U.S. 137 (1995), his § 924(c) conviction should be vacated. We vacated Mobley's § 924(c) conviction and sentence and remanded the case for a determination whether an enhancement was appropriate under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995). See United States v. Mobley, No. 95-5569 (4th Cir. Aug. 19, 1997) (unpublished). The district court resentenced Mobley, enhancing his conspiracy conviction under USSG § 2D1.1(b)(1) for possession of a firearm. On appeal, Mobley challenges the district court's application of the sentencing enhancement. Finding no error, we affirm.

Mobley contends that the evidence was insufficient to prove that the firearms were connected to the drug activities. He also contends that, because the Government failed to specifically seek the enhancement at resentencing, the district court was precluded from awarding the enhancement. Mobley asserts that the district court erred in accepting the probation officer's recommendation in the revised Presentence Report, which was unsupported by any new proffer of evidence by the Government.

We review the district court's factual finding regarding possession of a dangerous weapon during the commission of a drug offense for clear error. See United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994). The commentary to USSG § 2D1.1(b)(1) directs that the enhancement for weapon possession by drug traffickers "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG§ 2D1.1(b)(1), comment. (n.3). In a conspiracy case the proximity condition is met when the weapon is present in a place where the conspiracy is carried on or furthered. See United States v. Apple, 962 F.2d 335, 338 (4th

2

Cir. 1992). An enhancement under § 2D1.1(b)(1) may be applicable even if the defendant was acquitted of a § 924(c) offense, or if the § 924(c) offense was vacated. See United States v. Nelson, 6 F.3d 1049, 1057 (4th Cir. 1993); see also United States v. Smith, 94 F.3d 122, 125 (4th Cir. 1996).

The government has the burden of proving by a preponderance of the evidence the sentencing factors for which the defendant should be held accountable. See United States v. Estrada , 42 F.3d 228, 231 (4th Cir. 1994). In resolving a factual dispute regarding a sentencing determination, the court may rely upon any relevant information without regard to its admissibility under the rules of evidence provided that the information has sufficient indicia of reliability to support its probable accuracy. See USSG § 6A1.3(a), p.s. The government may rely upon information found in the PSR unless the defendant affirmatively shows that the information found there is inaccurate or unreliable. See United States v. Gilliam, 987 F.2d 1009, 1014 (4th Cir. 1993). A "mere objection" to the PSR's contents "is not sufficient" to challenge the accuracy of a PSR. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). In the absence of such a showing, the sentencing court is free to adopt the PSR's findings.

At the sentencing hearing, the Government, relying on the facts as reported in the original PSR, which were restated verbatim in the revised PSR, asserted that the enhancement was proper. At the original sentencing hearing, Mobley stipulated to the offense conduct section of the PSR as the factual basis for his plea. The uncontested facts revealed that Mobley would supply crack to his co-defendant, who in turn made a number of sales to an undercover agent. Mobley stored the drugs he provided to his co-defendant in his apartment. On May 4, 1994, Mobley was arrested while retrieving crack from his apartment for a sale to the undercover agent. His apartment was searched by federal agents, who found 223 grams of crack, nearly $9000 in cash, seven firearms, and drug paraphernalia. We find that the district court's application of § 2D1.1(b)(1) was not clearly erroneous.

Accordingly, we affirm Mobley's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3